Your Honors, may it please the Court, Patrick McMahon representing Detective Robert Perez, who has filed this appeal as an interlocutory appeal, asserting that the Delaware Court committed error by not granting him qualified immunity and dismissing plaintiff's allegations that his constitutional rights were violated. Specifically, there are three points of error that I'd like to point out to the Court and briefly address. The first is the District Court committed error by not analyzing whether Mr. Cunningham's confession that he sexually abused all four of his daughters was a voluntary confession and therefore did not violate his constitutional rights, which would be the first prong under Saussure v. Katz whether a constitutional violation had even occurred. The second error that the Court committed was by not granting qualified immunity to the detective or the officer that was involved because none of Mr. Cunningham's victims, that being his daughters, have ever recanted or reversed or said that they were somehow compelled to give false evidence that their father had sexually abused them. Essentially, what's going on here, and I'd like to analyze the confession first, Mr. Cunningham was provided every protection afforded under our Constitution and under the law at the time that he came and made contact with Detective Perez. First of all, chronologically, the Court should be aware that Mr. Cunningham came to Detective Perez subsequent to a Child Protective Service referral at the end of May 1994, wherein his daughter, Jessica, had alleged that she had been sexually abused by her father. That CPS referral pursuant to state statute was referred to the Wenatchee Police Department. Mr. Cunningham complains that he suffers from some of the ‑‑ How come you didn't argue the doctrine of independent intervening causation? That's a good point, Your Honor. I think it ‑‑ How come you didn't do it? Well, Your Honor, I think the qualified immunity analysis, first under Saussure, you have to say ‑‑ Well, you have occasion. You argue all major legal points. The first thing you do in law school is to learn about proximate causation and independent intervening causes. But once he does come to the Wenatchee Police Department, he's afforded every specific protection under Miranda. The opposing side relies heavily on the case of Cooper v. Dupnick, which was decided out of this circuit. The distinction between that case and what happened with Mr. Cunningham and the police officer is bold. First of all, Mr. Cunningham, after being advised of his Miranda rights, invoked his right to remain silent, at which time, to show the sanctity of the Miranda rights that were protected, the officer stopped, discontinued any further questioning or interrogation of Mr. Cunningham, at which point Mr. Cunningham wanted to reinitiate contact. There was no request for an attorney. His confession was freely and voluntarily given. At that point, he was placed under arrest after he read and signed each page of his confession, which outlines in graphic detail the allegations that he had confessed to or the acts that he had confessed to regarding his daughters. At that point, we get to the superior court or the trial court level, where the protections under a criminal rule 3.5 suppression hearing were put in place and were fully analyzed by the trial court judge. And it's important for this court to understand that the trial court at the criminal case observed the mood and demeanor of Mr. Cunningham on two separate occasions, that being when he testified to move to suppress his confession that he sexually abused his daughters and also at the time that he pleaded guilty, stating 23 times that he fully understood the ramifications of pleading guilty and admitted in open court to the same judge that he had sexually abused his daughters on 23 separate occasions. The court made a determination after observing his mood and demeanor that he understood everything that was going on, that he understood his rights. He had a master's degree. He was a highly educated man. There was no question that he made an annoying and intelligent waiver of his rights and that under the circumstances, the length and time of the interview and the way the interview was conducted, which led to his confession, was not coercive and did not violate any of his rights. At that point, it's our position that no constitutional violation. This whole case involves whether or not witnesses gave false testimony in one case at a trial, right? That's correct. Is there anything else besides that in this case? I'm sorry, Your Honor. Is there anything else besides that in this case? Well, I believe besides the confession, the allegation under Devereaux v. Abbey is whether there was false evidence submitted which led to a wrongful conviction or prosecution. It's a difficulty I have. I have a very hard time hearing you. You sort of kind of, you know, so quiet about it. My point, Your Honor, is that the evidence that was presented to the trial court and presented to the lower court at the district court level was that there was no recantation or no evidence that anything was fabricated or false evidence that led to Mr. Cunningham either pleading or pleading guilty that he sexually abused his daughters. Let me ask you a question, if I may, about jurisdiction. We have jurisdiction on interlocutory appeal here because of denial of qualified immunity. However, the Supreme Court in I think it's Mitchell v. Forsyth or Johnson v. Jones has kind of indicated if it's just a fact question, that is if you're not raising a legal issue, then we don't have jurisdiction on an interlocutory appeal, and the appeal has to be dismissed, goes back for trial, and the issues you're raising could be raised later. Why do we have jurisdiction at this point? Your Honor, we addressed that in our reply memorandum. This Court has jurisdiction because the lower court's order did not set forth the reasoning or the rationale why it denied qualified immunity, which is the fundamental right that this officer has, and that's lost if that issue is allowed to go to trial. All the Court said in its order was that there was some, and I'm quoting from page 24 of the Court's order, the Court finds that there is enough doubt to find a reasonable State official would not have believed his conduct was lawful. Therefore, the officer is not entitled to qualified immunity. But there's no analysis. The Ninth Circuit has said in that Devereux case that there's a clearly established right not to have false evidence manufactured. And so that legal issue has been set by a prior panel. We have to follow that. If the only question here is whether the facts as alleged or, you know, as submitted on the motions for summary judgment show that, would we have jurisdiction to review that? Well, you do have jurisdiction because the facts don't show that. There was no evidence supplied in to say there was a Devereux violation, that the evidence submitted was false evidence or coerced evidence, and that's because none of the four daughters have recanted. And the one daughter, Jessica, states unequivocally in her deposition that none of the evidence that she gave was false or untrue. All right. I realize that. Okay. Well, you wanted to reserve two minutes. You've got about two and a half minutes left. I would, Your Honor. In closing at least this portion of my argument, the reason that this Court has jurisdiction is because the district court did not satisfactorily outline what its rationale was. It just made a blanket statement that it was denying qualified immunity. The respondent has provided absolutely no evidence that any improper evidence led to the conviction or to this man pleading guilty 23 times to sexually abusing his daughters. Qualified immunity should have been granted, and the officer should be dismissed. I'll reserve my time. Okay. Good morning. May it please the Court, my name is Glenn Draper, and I represent the plaintiff in this action and the respondent before this Court, Mr. Henry Cunningham. How about if you focus on the jurisdictional issue first? And here's the question I have. It appears here that Mr. Perez has a number of factual disputes with what happened below, and I don't know that we have jurisdiction of those. But also I can look at his briefing, and his challenge in part seems to raise legal questions as to whether certain conduct is clearly either violates a constitution or if it does, if it was clearly established. So do we have jurisdiction on interlocutory appeal where the appeal raises both factual challenges and legal issues? In other words, do we then have jurisdiction to say we can't look at the factual part of it, but we look at the legal one? Or does the Supreme Court's precedent say if there's a fact dispute raised, then the whole thing has to wait for the final appeal? Well, Your Honor, this Court would have jurisdiction to review legal issues that are raised in the defendant's pleadings. Unfortunately, as the Court has heard this morning and throughout the written materials submitted by Defendant Perez, there is no legal issue. There are factual issues that are dressed up as legal issues, but they are not really legal issues. And as this Court stated in Knox v. Southwest Airlines, we have jurisdiction over an interlocutory appeal where the appeal focuses on whether the defendant has violated a clearly established law given the undisputed facts. But we do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts. And this case, as framed by Officer Perez, is one that challenges the district court's determination that there are genuine issues of material fact. Now, what they have done, Your Honor, is dress this up as a legal issue by arguing that whether certain isolated interrogation tactics were, whether it was clearly established that they violated constitutional law. But that's the wrong approach to take to this case. The test for whether interrogation is coercive or not is the totality of the circumstances. We have to look at all of the different tactics that Officer Perez used during those eight hours that he was alone in that room with Henry Cunningham. We can't just take one test and say, well, there's no case that says that this factor alone violates the Constitution, and then look at a different technique that he used and said there's no case that says that this particular tactic violates the Constitution. What we have to do is look at it as a whole. And it's been crystal clear for 40 or 50 years since at least Blackburn v. Alabama, since Miranda v. Arizona, that the use of psychological coercion to extract a confession over an arrestee's free will violates the Constitution. That's the legal issue, and that is well settled. Well, some of the facts clearly are going to be disputed if this goes back for trial. So the question then is, is Officer, assuming we have jurisdiction, because there is jurisdiction, is it right to have us give partial summary judgment to say, well, certain things aren't clearly established? If only some elements here are shown, then he would get qualified immunity, but if other things are shown, he doesn't? And how does that work on interlocutory appeal? I think I understand the substantive law here, but it's not clear to me what we do with this on an interlocutory appeal. Your Honor, partial summary judgment would be inappropriate in this case. As Judge Nielsen noted in his order that is the subject of the appeal today, there are genuine issues of material fact as to all of Mr. Cunningham's claims. Now, we have alleged four violations of constitutional rights. I believe the record would support additional constitutional violations, but these four are the most clear. The first is whether Mr. Cunningham's constitutional right not to be compelled to incriminate himself. Okay. And you say that there's a fact issue about the total circumstances, whether it overbore his will. Right. Exactly. And it would be inappropriate for this Court to say, well, it's okay to use badgering and insistent questioning, but it's not okay to use threats, because the right that's at issue is the right not to be compelled to incriminate yourself. And the analysis that's appropriate is to look at the totality of the circumstances. How about the young blood, his young blood contention, that or your young blood contention? Right. What is it that was destroyed or not maintained by the police? I see arguments that they didn't make note of certain things. It's like omissions. It seems like negligence as opposed to destruction of evidence. Your Honor, the right at issue is the right not to have police manipulate the evidence against you in bad faith, and it's the in bad faith element that is important here. In our brief, we detail many investigational failures by Officer Perez. He failed to document exculpatory interviews. He failed to search for physical evidence. He failed to interview other witnesses. These failings in and of themselves do not make out a constitutional violation. They only violate the Constitution when they're done in bad faith, and that is when they're done intentionally or recklessly. Now, in this case, as in most cases where intent is an issue, we've not been so lucky as to have the defendant testify or admit that he acted in bad faith, but that's not required. What is required is that the jury be able to infer the defendant's bad faith from his actions, and there's more than enough evidence in this case for the jury to make that inference. I'd like to look at three specifics that demonstrate Officer Perez's bad faith in this case. Officer Perez did not write reports or keep records of exculpatory interviews, and there were at least five in this case. Jennifer and Sarah Cunningham were interviewed on June 3rd. They were interviewed again on June 6th, and then Connie Cunningham was interviewed on June 6th. And there's no record of any of those interviews. Is there precedent as to whether the law requires a police officer who interviews a witness and the witness says something exculpatory that they have to make a note of that in there? Absolutely not, and that's not our claim. That might be negligence, but that by itself does not violate the Constitution. But what does violate the Constitution is when the officer deliberately does not make a record in order to obscure the evidence that's favorable to the arrestee. So again, your contention is like a total circumstances that you think you have evidence that he was trying to manipulate the record. Exactly. And the evidence is. He didn't just not document those interviews. He actively misled prosecutors as to the content of those interviews. He wrote. There was a trial. There was a trial in his last case. And all of that was thoroughly discussed, cross-examined, argued, debated, and decided that the testimony of the children was factual, and a jury decided that. Your Honor, there was no trial in Mr. Cunningham's case. In Cunningham. Cunningham pled guilty. Did you do this, his charge? He said yes, I did. Right. But his. His independent intervening causation as to his guilt. Absolutely not, Your Honor, because the only reason he pled guilty was because of that statement that Officer Perez coerced from him. You mean the trial judge took a guilty plea illegally? I believe that's true. Then the judge ought to be charged. The guilty plea has been withdrawn from this case. What's that? The guilty plea has been withdrawn. The court of appeals allowed Mr. Cunningham to withdraw his guilty plea. Only because of incompetency of counsel. That was one of the elements that we suggested in our personal restraint petition that we filed on behalf of Mr. Cunningham. There were others. What happened in the court of appeals in this case is that the State conceded the issue as to ineffective assistance of counsel. That's why there was no hearing on all of these other issues in Mr. Cunningham's case. It's because the State conceded. And then, of course, the case was remanded back to the trial court level for additional proceedings. And the prosecutor for Chelan County agreed that there was no way he could win a conviction in this case. And so the charges against Mr. Cunningham were dismissed with prejudice. So for them to get up here and say that Mr. Cunningham pled guilty and that he was convicted, that is absolutely false. Okay. His confession or his guilty plea was withdrawn with the permission of the Washington Court of Appeals. It's a nullity. Why did the judge accept the guilty plea? The judge did not know the truth of what happened because Officer Perez never told him the truth. The judge what? The judge did not know the truth of the whole circumstances. And he asked him if he was guilty? That's the only question he asked. And, Your Honor, he said yes. He said yes. And, Your Honor, if you'll look in the materials at the declaration of Connie Cunningham, the declaration of Michael Klass. Does that satisfy Washington law in the acceptance of a guilty plea? Not when the guilty plea is withdrawn. The guilty plea has no effect. And it has been withdrawn with the permission of the Court of Appeals. It's as if it never happened. Okay. Thank you, Your Honor. I'm going to ask you on this question of jurisdiction again just to have a summary concept of these terms. My understanding from the Jones case is that the only way you can establish grounds for a interlocutory appeal is that the issue to be appealed is a question of law and not one of fact. And if it's a factual question, as was involved in the Jones case, then the party is not entitled to interlocutory appeal. Now, the trial court here found that there is enough doubt to find that a reasonable state official would not have believed his conduct was lawful. And on that basis, he finds that Perez is not entitled to qualify immunity. Now, isn't that a question of fact? That, I believe, is an issue of law, Your Honor. Whether a reasonable state official, given the state of the case law that existed in 1994, would know that his actions violated the Constitution, that is a legal issue. The factual issue that Judge Nielsen determined, he went through a lengthy statement of the facts in this case and then concluded that there were genuine issues of material fact as to all of the constitutional claims against Officer Perez. This Court does not have jurisdiction to review that finding at this point. Here we are before trial. The precise legal issue about whether an officer at that time would be aware that he was violating the Constitution, a reasonable officer, that is a legal issue. Well, assuming there is an affirmance here and we go back to the trial, does the jury pass upon the question as to whether the officer acted as a reasonable person? No, Your Honor. It's only the Court. Only the Court. That is a legal issue for this Court. What's your authority for that? Pardon me? What's your authority for that? Well, Your Honor, the case Portland, Act Up Portland, and I can give you the citation and it might take me a second to dig it out. Wouldn't it go to the jury in the first instance under jury instructions? I don't believe so, Your Honor. I believe that the issue of whether a reasonable officer, given the state of the case law that existed in 1994, that is a legal issue, not a factual issue. How would that get resolved at the trial? Pardon me? How would that be resolved at a trial? Well, at trial, the issues for the jury are going to be whether or not that statement that Officer Perez took from Mr. Cunningham, whether that was coerced or not. And they'll look at all the facts and circumstances and they'll make that determination. But as to whether Officer Perez is entitled to qualified immunity, that's a legal issue, not a factual issue for the jury. So you're saying you wouldn't get a jury verdict on qualified immunity? I don't believe so, Your Honor. Well, the trial court can go back at the time of trial here and reverse himself. Is that right? I believe that's true as well, Your Honor. And by simply saying now, in review of all the evidence, I find that the actor or Perez acted on notice, given the state of the case law in 1994, that the actions that he took violated the Constitution. That's not going to happen because the principles guiding the right against self-incrimination have existed for 50 or 60 years. So whatever is done, if we determine this appeal has to be dismissed because of lack of jurisdiction, because there's essentially a factual dispute being presented, then, you know, you'll go back, you'll have the proceedings in the district court and all the issues about whether Officer Perez is entitled to qualified immunity will get decided there and then they'll all be up here on appeal afterwards. This appeal can't decide that issue about whether there's qualified immunity after a trial. That's true. Especially if we say there's no jurisdiction. That's true. Okay. Well, we're over your time here by about five minutes. I apologize for that, Your Honor. I think it's appropriate to answer the questions put to you, so thank you. Unless the other judges have more on that, we'll go back to Mr. Perez's counsel. Thank you. Thank you, Mr. Draper. Mr. McMahon, your opponent or your colleague went about five minutes over, so we'll give you another five minutes to keep it even. So she's adding that to your clock. Thank you, Your Honor. You don't have to use it if you don't have anything to say. Pretty hard to have a lawyer sit down and not have anything to say, but I'll try and say it loud enough this time around. Your Honor, this Court has jurisdiction, and I can see that the Court's having some difficulty with that issue. The reason that you have jurisdiction is because the qualified immunity doctrine is such a precise legal issue that it's a question of law. Because the lower court didn't analyze the three prongs of Saussure v. Katz, which came up from the Ninth Circuit to the United States Supreme Court, this Court, unfortunately, has to go through the record on a de novo basis and look at all of the evidence once again to determine that qualified immunity applies. The reason why it's not a factual question that's being reviewed by this Court is because Mr. Cunningham's confession, the evidence that was put in regarding that confession, was not analyzed by the district court as to whether his actions violated the Constitution or whether his actions were reasonable when he contacted that person. The case of Cooper v. Dupnick, every alleged, coerced, or wrongful confession case that goes up to the appellate court has to be analyzed whether a constitutional violation took place. And it was a clear error of law not to grant qualified immunity based on the interaction of Detective Perez with Mr. Cunningham, as Justice Ferguson pointed out, after this gentleman pleaded guilty 23 times to the same judge, and I emphasize to this Court, the exact same trial court judge that saw his mood and demeanor when that trial court judge determined that the confession was freely and voluntarily given. That should have been enough for the district court. At this stage on this coming up to us after a summary judgment denying qualified immunity, don't we have to give every, don't we have to accept the facts as presented by the plaintiff and give all reasonable inferences to the plaintiff? You do. On the factual side. But if we do that, I mean, if we give all inferences to Officer Perez, it looks like, you know, he gets a complaint from the hospital or, you know, medical referral. A daughter has claimed abuse. He talks to Perez. He talks to Cunningham, and after eight hours of persistent questioning, Cunningham confesses. You know, it looks good for Perez. But if we look at it from Cunningham's point of view, it's that Perez is using every trick in the book to try to coerce him into confessing, and he's really innocent, but he just confesses because his will is overborn. And the daughter, you know, doesn't really back up what she said and so on, and that he coerces statements out of the sisters. So how do we deal with that on a summary judgment? Well, unfortunately, I think you have to review the evidence again. And even when you give all reasonable inferences to the nonmoving party, as you must, you're correct, Your Honor, nevertheless, you can't just say my will was overborn without some evidence consistent with the case law that's throughout the various circuits in this country that show that his will was overborn. And that was analyzed by the trial court. That trial court judge saw the mood and demeanor of this plaintiff respondent. You mean the state trial court? The state criminal trial court. And the state trial court, at the suppression hearing, could determine exactly what should be determined now as a matter of law, that there's no evidence that his will was overborn. That's different. That's true, but the record here may be different. I mean, the plaintiff here may have found evidence and presented evidence in the record that wasn't before that state court. Then I would refer, Your Honor, respectfully to Cooper v. In that case, it was a design plan with the officers to violate someone's constitutional rights. It was an officer coming out after six hours, I believe, of interrogation, and stating to fellow officers that they knew that that person was innocent, that the person was sobbing and crying and going through all of these sort of things, and the Ninth Circuit absolutely trounced on the officers' violation of the sacred saint policies of Miranda. But even after that, certain qualified immunity issues were granted by the court, and on interlocutory appeal on the exact same issue, whether it was a question of law, there was a split decision that three of the justices felt that even that type of egregious activity, which we don't have anywhere near close in this case, the officer should have been granted qualified immunity. This court has to look at the evidence de novo because it wasn't analyzed, and qualified immunity is applicable because Detective Perez did nothing improper to lead to a constitutional violation, and his actions were reasonable. I cede my time to that, Your Honor. Thank you. Thank you, sir. All right. That matter shall be submitted.
judges: Lay , Ferguson, Gould